By the Court. Barbour, Ch. J.
This was an action brought by the vendor in a contract which was made in 1867, for the sale and purchase of a lot of land in this city, against the vendee therein, to obtain a specific performance, or the return of a portion of the purchase money paid thereupon.
By the contract in question the defendant undertook to execute to the plaintiff “a proper deed for the conveying and assuring to him the fee simple of the premises, free from all incumbrances,” except certain'mortgages therein mentioned, and the plaintiff agreed to pay therefor $6,500 in money, and to assume the payment of these mortgages, and the sum of $3,500 was then and subsequently paid by him upon the contract. But before the delivery of the deed, the plaintiff discovered, upon an examination of the title, that, in 1860, David Vreeland, the then owner of the premises, mortgaged the same to J. C. Lord for $5,500 ; that in 1861 Vreeland conveyed and assigned the land, with other property, to Henry J. Irving, for the benefit of the assignor’s creditors, which deed of assignment and conveyance was filed in the county clerk’s office as an assignment; that in 1862 a foreclosure suit was brought upon the Lord mortgages, resulting in a judgment, under which the premises were sold by the sheriff to John Douglass, who subsequently conveyed them to one Fitzpatrick, by whom they were granted to the defendant; but that Irving, the assignee of Vreeland, was not made a party to such foreclosure suit.
On ascertaining those facts (which I may here say were fully proven upon the trial, as well as the further fact that some of the creditors mentioned in the assignment were still unpaid), the plaintiff objected to the title, upon the ground that the estate and interest of Irving in the premises were unaffected by the decree of foreclosure, and requested the defendant to procure a release of that interest, and subsequently also requested him to return the $3,500.
The defendant refused to comply with either of those *232 requests, but made and tendered to the plaintiff a deed of the premises, which deed the plaintiff rejected.
Ho evidence was given upon the trial tending to prove that Vreeland’s deed of assignment to Irving had ever been recorded in the office of the register of deeds, nor that the defendant, or either of the persons under whom he derived title subsequent to the sheriff’s sale, had any actual notice or knowledge of the existence of such assignment, and for that reason the learned justice before whom the trial was had, directed a judgment dismissing . the complaint, with costs.
The ultimate question to be determined by the court upon this appeal is, whether the deed which was made and tendered by the defendant to the plaintiff would, if accepted by the latter, have vested in him an estate of inheritance in the premises in fee simple, free of incumbrance. For, if it would, such tender and refusal exonerated the defendant from all obligation either to convey the land or to return that portion of the purchase money which he had received upon the contract, and the judgment dismissing the complaint upon the merits was consequently just and proper.
The assignment to Irving was not a mere incumbrance upon the title, but was a full and complete deed of conveyance of the premises, in fee, for the purposes o'f the trust. A purchaser, therefore, deriving his title from Yreeland, subsequent to his grant to Irving, must be presumed to have purchased in good faith, and in ignorance of that deed, unless it appears that he had notice thereof at the time of the conveyance to himself. The notice required may be either actual or constructive, the latter being the mere creature of the statute, as provided for in a single section (1 Rev. Stat., 756, § 1), and the other embracing at least such knowledge or information in the actual possession of the purchaser at the time of the conveyance to himself, in regard to the prior grant, as would put a careful, prudent man upon further inquiry.
*233 The fact that the deed of assignment was recorded in the county clerk’s office was wholly unimportant.
The statute provides for but one kind of constructive notice, viz : the recording of the deed in the register’s office ; and, therefore, the purchaser, finding there, upon examination, no record of a prior grant, would have a right to suppose none existed, unless he had been informed, in some way, that such grant had been made. In the absence of such information, he was no more bound, for his own safety, to search the records in the county clerk’s office for a deed of conveyance, than he was to examine the records of this court for that purpose ; although if he has been informed that a conveyance of the land was embraced in an assignment made by Vreeland to Irving for the benefit of creditors, it probably would have been his duty to examine the records in the clerk’s office, to see if that assignment contained a conveyance of the land.
It was incumbent upon the plaintiff to prove, upon the trial, that the assignment to Irving was recorded as a deed in the register’s office prior to the recording there of the sheriff’s deed, or to show by competent evidence that the grantee in that deed, and also his grantee and the defendant, were informed prior to the recording of their deeds, respectively, that the land had previously been conveyed to Vreeland. For if either of those persons took and recorded the conveyance to himself in good faith, and in ignorance of the prior grant, his title was not only good, but he could confer a like perfect title upon one who had a full knowledge of such prior conveyance. “If this were otherwise,” as Chancellor Walworth says, in Varick v. Briggs (6 Paige, 323), “ a bona fide purchaser might be deprived of the power of selling his property for its full value.”
As neither of these facts were proven, the complaint was properly dismissed.
The judgment must be affirmed, with costs.
Jores and Fithiah, JJ., concurred.